UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WANDA SUE BOWMAN** | **CIVIL ACTION NO. 3:13CV1141** |
| **VERSUS** | **JUDGE WALTER** |
| **MICHAEL LANCASTER, ET AL** | **MAGISTRATE JUDGE HAYES** |

MEMORANDUM ORDER

Before the Court is a Motion for Jury Trial, [doc. # 7], and a Motion to Appoint Counsel, [doc. # 10], filed by *pro se* Plaintiff Wanda Sue Bowman in connection with her 42 U.S.C. § 1983 civil rights action. For the reasons stated below, the Motion to Appoint Counsel is **DENIED** and the Motion for Jury Trial is **DENIED as moot**.

I. Motion For Jury Trial

Proceeding *in forma pauperis*, Plaintiff filed a "Notice to File Civil Action and Criminal Charges." [doc. # 1]. Her pleading, apparently stemming from various criminal prosecutions over the past ten years, implies that her claims arise under 42 U.S.C. § 1983. Subsequently, Plaintiff filed a Motion requesting the Court to serve summons and to grant a jury trial. [doc. # 7], but before determining whether service of process should be ordered, the Court directed Plaintiff to remedy certain deficiencies in her Complaint. On September 10, 2013, Plaintiff amended her Complaint, and in so doing, included a second request for jury trial that effectively moots Plaintiff's original Motion for Jury Trial. [*See* doc. # 10].

Federal Rule of Civil Procedure 38(b) provides: "[A] party may demand a jury trial by serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served and [by] filing the demand in

accordance with Rule 5(d)." Here, Plaintiff properly demanded trial by jury by including the request in her amended Complaint within the requisite time period; consequently, the amended Complaint serves to moot her prior Motion for Jury Trial.[1] Accordingly, Plaintiff's Motion for Jury Trial, [doc. # 7], is **DENIED as moot**.

II. Motion to Appoint Counsel

Plaintiff also requests appointment of counsel. [doc. # 10, p. 18]. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. § 1983. "Generally no right to counsel exists in § 1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. § 1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d. 405 (5th Cir. 1985). Pursuant to 28 U.S.C. § 1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-02 (1989), the Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments, and, of course, have no funds to pay counsel in civil cases.

Although courts can request that an attorney represent an indigent plaintiff, courts are not required to make this request in the absence of "exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d. 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d. 1235, 1242 (5th

---

[1] This is not to say that Plaintiff's request for jury trial will be granted. Plaintiff's current demand for jury trial may or may not be granted, pending proper service of process, pending review of the claims in the Complaint (whether the claims are issues as to which there is a federal right to a jury trial), and pending resolution of Defendants' Motion to Dismiss (if the Court dismisses the Complaint, there is no verdict for a jury to render and thus any request for a jury trial would be moot).

Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Courts of Appeal have provided a list of factors for lower courts to consider. These include: "the type and complexity of the case; the [plaintiff's] ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and in cross-examination; and the likelihood that appointment will benefit the [plaintiff], the court, and the defendants by "shortening the trial and assisting in just determination." *Parker v. Carpenter*, 978 F.2d. 190 (5th Cir. 1992). Additionally, a court may consider whether a plaintiff has demonstrated the inability to secure private counsel on her own behalf. *See Jackson*, 864 F.2d. at 1242; *Ulmer*, 691 F.2d. at 213.

      Here, the request for appointment of counsel does not allege facts demonstrating that appointment is necessary. First, although serious, Plaintiff's allegations are not complex. Second, Plaintiff's pleadings demonstrate that she is able file an original complaint setting forth her cause of action against Defendants, and no special legal knowledge is required of Plaintiff. At this stage of the proceedings she need not be versed in the law so long as she can recite the facts and her demands.

      Examination of the third factor–whether the evidence will consist in large part of conflicting testimony–is premature because the case has not yet been set for trial. With regard to the fourth factor, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Finally, Plaintiff is not excused from trying to procure counsel for herself. Plaintiff has not demonstrated that she is unable to secure representation from an attorney or *pro bono* organization.

Plaintiff has not provided the Court with any facts that would warrant appointing counsel. Accordingly, Plaintiff's request is denied because the circumstances presented are not "exceptional." Considering the foregoing, Plaintiff's Motion for Appointment of Counsel, [doc. # 10], is **DENIED.**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 12th day of November, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE