RECEIVED

DEC 0 4 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **WANDA SUE BOWMAN** | **CIVIL ACTION NO: 13-1141** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **MICHAEL LANCASTER, ET AL.** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM RULING

Before the Court is a motion to dismiss for lack of jurisdiction and to dismiss for failure to state a claim [Doc. 14] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed on behalf of Defendants Judge John D. Crigler and Judge Michael E. Lancaster. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the motion to dismiss is hereby GRANTED.

### I. BACKGROUND

This case arises out of Plaintiff Wanda Sue Bowman's ("Bowman") criminal prosecutions over the past ten years. On May 16, 2013, Bowman, proceeding *pro se*, filed a complaint against Judge Michael Lancaster, Judge John D. Crigler, Chief Public Defender Leroy Smith, District Attorney, James Paxton, the Tensas Parish Clerk of Court, Sheriff Ricky Jones, the Louisiana Public Defender Board, Loretta McEachain, the Department of Health and Hospitals, and the Tensas Parish Tax Assessor.[1] Judge Lancaster and Judge Crigler are both judges in the Sixth Judicial District of Louisiana. In her complaint, Bowman implied that her claims against the named defendants arose

---

[1] Doc. 1.

1

pursuant to 42 U.S.C. §1983 *et seq.* and that the defendants violated her rights under the United States Constitution. Because of deficiencies in her complaint, Plaintiff was ordered to amend her complaint.[2] On September 10, 2013, Plaintiff filed an amended complaint. [Doc. 10].

## A. Plaintiff's Claims Against Judge Michael Lancaster

Plaintiff's first allegation against Judge Lancaster involves her arrest and charge of "Remaining after being Forbidden" on or about April 22, 2003. [Doc. 10 at p. 6]. Specifically, Plaintiff alleges that she requested to dismiss her attorney and represent herself, that Judge Lancaster found her guilty, that she requested the court to appoint her an attorney which was denied, and that Judge Lancaster ordered a writ of review and denied a request for a transcript and minutes. *Id.* at pp. 7-8. Plaintiff's second allegation against Judge Lancaster involves an arrest on or about January 11, 2006. *Id.* at p. 8. Her specific allegations are that Judge Lancaster appointed Raymond Cannon to defend her on February 17, 2006, that the judge denied her bond at a bond hearing, and that Judge Lancaster conspired to cover up some unspecified wrong. *Id.* at p. 10.

At the end of the Plaintiff's amended complaint, she lists ten allegations against Judge Lancaster: (1) deprivation of rights to due process; (2) wrongful arrest; (3) deprivation of the right to speedy trial; (4) conspiracy to cover up evidence to show an alteration of paperwork in the clerk of court's office; (5) deprivation of rights to attorney or assistance of attorney; (6) deprivation of the right to view evidence; (7) deprivation of the right to pursue happiness; (8) fabrication of the deprivation of rights of property and liberty; (9) right to bond in accordance with the law; and (10) deprivation of the right to a fair and impartial trial. *Id.* at pp. 15-16.

---

[2] Doc. 8.

### B. Plaintiff's Claims Against Judge John Crigler

Plaintiff alleges that in 2003 she contacted Judge Crigler to file a complaint against her attorney, Mr. Leroy Smith, Jr. [Doc. 10 at p. 6]. Plaintiff alleges that she contacted Judge Crigler regarding some altered paperwork on or about February of 2006. *Id.* at pp. 9-10. Plaintiff also alleges that Judge Crigler conspired to cover up some unspecified wrong. *Id.* at 10. Plaintiff alleges that Judge Crigler had the power to file an "affidavit warranty of arrest" but failed to do so regarding her 2006 letter. *Id.* at 11. Plaintiff alleges that she spoke to Judge Crigler on or about June 5, 2008 after an incident that occurred with the clerk of court. *Id.* at p. 13.

Moreover, Plaintiff alleges that Judge Crigler signed an order on May 16, 2012 declaring her an indigent and appointed her an attorney. *Id.* Plaintiff alleges that Judge Crigler requested that a copy of an order be given to Judge E. Paxton, her public defender, and the Plaintiff. *Id.* at p. 14. Plaintiff also states that she sent a copy of her complaint to the Louisiana Defender Board and to both Judge Crigler and Judge Lancaster but neither responded. *Id.*

At the end of the Plaintiff's amended complaint, she lists ten allegations against Judge Crigler: (1) deprivation of rights to due process; (2) wrongful arrest; (3) deprivation of the right to speedy trial; (4) conspiracy to cover up evidence to show an alteration of paperwork in the clerk of court's office; (5) deprivation of rights to attorney or assistance of attorney; (6) deprivation of the right to view evidence; (7) deprivation of the right to pursue happiness; (8) fabrication of the deprivation of rights of property and liberty; (9) right to bond in accordance with the law; and (10) deprivation of the right to a fair and impartial trial. *Id.* at p. 16.

### C. The Instant Motion

On October 25, 2013, Judges Lancaster and Crigler filed the instant motion to dismiss [Doc.

14] for lack of subject matter jurisdiction and/or for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6). Plaintiff did not timely oppose this motion.

## II. ANALYSIS

### A. Standard of Review

#### 1) Subject Matter Jurisdiction

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

#### 2) Failure to State a Claim Upon Which Relief Can Be Granted

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 555. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of

action." *Id.*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### B. Judicial Immunity

Judges Lancaster and Crigler seek dismissal on the following grounds: (1) sovereign immunity; (2) the *Rooker-Feldman* doctrine precludes the exercise of subject matter jurisdiction; (3) Plaintiff has failed to state a claim upon which relief can be granted; (4) prescription; and (5) absolute judicial immunity. [Doc. 14]. Finding that Judges Lancaster and Crigler are entitled to absolute judicial immunity for all claims against them, this Court pretermits consideration of defendant's alternative arguments.

#### 1) Judges Crigler and Lancaster are Entitled to Judicial Immunity as to Plaintiff's Claims Against Them In Their Individual Capacities

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *see also Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir. 1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

5

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Id.* at 10 (citation omitted).

Judicial immunity is a matter of policy and is necessary because, as aptly demonstrated by the case at hand, a judge "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity "applies even when the judge is accused of acting maliciously and corruptly." *Id.* Indeed, judicial immunity applies even if the judge's challenged actions deprived a criminal defendant of due process. *See Price v. Porter*, 351 Fed. Appx. 925 (5th Cir. 2009) (unpubl.) (citing supporting cases). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

In deciding whether absolute judicial immunity applies, a court should consider the nature of the act taken, namely whether it is a function normally performed by a judge, and the expectations of the parties (i.e., whether they dealt with the judge in his judicial capacity). *Stump*, 435 U.S. at 362. In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3)

6

whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Malina*, 994 F.2d at 1124 (citation omitted). These factors must be broadly construed in favor of immunity. *Id.*

In this case, the conduct challenged by Plaintiff unequivocally falls within a judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Furthermore, this Court notes that a judge does not lose immunity because his actions were in error or exceeded his authority. *See Mireles supra* (judge entitled to immunity when he ordered police officers to bring an attorney before the judge). This Court reiterates that the Plaintiff's allegations against Judges Crigler and Lancaster concern normal judicial functions. Notably, all of the challenged actions by Judges Crigler and Lancaster occurred in the courtroom or adjunct spaces. *See Malina, supra.* This Court further observes that the Plaintiff's claims all stem from her criminal prosecutions before the court. Broadly construing the relevant factors, this Court easily concludes that Judges Crigler and Lancaster are entitled to full judicial immunity. *See Hosseini v. Sharp*, 216 Fed. Appx. 392 (5th Cir. Oct. 24, 2006) (judge did not lose immunity by discussing proceedings with litigant in chambers); *Tatum v. Giarruso*, 347 F. Supp. 2d 324 (E.D. La. 2004) (holding that a judge's alleged acts, consisting of "conspiring to prevent" subpoenaed witnesses from testifying and scheduling hearing at end of day's docket, were judicial actions for which judge was entitled to absolute immunity).

### 2) Judges Crigler and Lancaster are Entitled to Judicial Immunity as to Plaintiff's Claims Against Them In Their Official Capacities

To any extent that Plaintiff is suing the Judicial Defendants in their official capacities, which remains unclear based on scattershot claims in the initial and amended complaint, her claims fare no better. This Court notes that it is manifest that official capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v.*

*Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166.

As state court judges are agents or officers of the State of Louisiana, claims against them in their official capacity are barred by the Eleventh Amendment. *See Waldrop v. Bethancourt*, 2010 WL 3312501 (E.D. La. 2010); *Whittington v. Maxwell*, 2009 WL 1651535 (W.D. La. 2009); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the court lacks jurisdiction to entertain plaintiff's action against Judges Crigler and Lancaster in their official capacities.

As noted *supra*, having determined that Judges Crigler and Lancaster are entitled to absolute judicial immunity, this Court sees no need to consider the other grounds for dismissal raised by the Judicial Defendants.

### III. CONCLUSION

**IT IS ORDERED** that Judge Crigler and Judge Lancaster's motion to dismiss [Doc. 14] is hereby **GRANTED** and all claims against them are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, this 4 day of December, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE