U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAR 31 2014

TONY R. M—, CLERK
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| WANDA SUE BOWMAN | CIVIL ACTION NO: 13-1141 |
| VERSUS | JUDGE DONALD E. WALTER |
| MICHAEL LANCASTER, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before the Court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and prescription filed on behalf of Defendants Ricky Jones, James Paxton, Donna Ratcliff, Ernest Sikes, Leroy Smith, Jr, and Loretta McEachain. [Doc. 29]. Having reviewed the motion, the submissions of the parties, the pleadings, and the applicable law, the motion to dismiss is hereby **GRANTED**. For the reasons assigned herein, this case is **DISMISSED** in its entirety **WITH PREJUDICE**.

## I. BACKGROUND

This case arises out of Plaintiff Wanda Sue Bowman's criminal prosecutions and overall legal troubles spanning the last ten years. From what the court may discern from the Complaint, the source of the Plaintiff's claims against the Defendants stem from her arrests and/or convictions occurring in 2003 and 2006. On May 16, 2013, Plaintiff, proceeding *pro se*, filed a complaint against Judge Michael Lancaster, Judge John D. Crigler, Chief Public Defender Leroy Smith, District Attorney, James Paxton, the Tensas Parish Clerk of Court, Sheriff Ricky Jones, the Louisiana Public Defender Board, Loretta McEachain, the Department of Health and Hospitals, and the Tensas Parish

Tax Assessor.[1] In her Complaint, Plaintiff implied that her claims against the named Defendants arose pursuant to 42 U.S.C. §1983 *et seq.* and that the Defendants violated her rights under the United States Constitution. Because of deficiencies in her Complaint, Plaintiff was ordered to amend her Complaint.[2] On September 10, 2013, Plaintiff filed an amended complaint. [Doc. 10].

## A. Plaintiff's Specific Charges Against Defendants

### 1) Ricky Jones

According to Plaintiff's Complaint, Mr. Jones was the sheriff during her 2006 legal troubles. Plaintiff alleges that Mr. Jones interfered somehow with her request for bond by "telling them we were a flight risk..." *Id.* at p. 9. Plaintiff also alleges that Mr. Jones was involved in a conspiracy to cover up an unknown wrong. *Id.* at pp. 9-10.

At the end of Plaintiff's Complaint, she lists nine claims against Mr. Jones: (1) deprivation of the right to view evidence; (2) deprivation of the right to due process; (3) fabrication of the deprivation of the rights to property and liberty; (4) conspiracy to cover up evidence by altering paperwork in the clerk of court's office; (5) wrongful arrest; (6) deprivation of the right to file charges or prosecute; (7) deprivation of the right to pursue happiness; (8) deprivation of the right to investigate; and (9) the "[r]ight to bond conspiracy to cover up the 14 charges of practicing law without a license in Madison Parish." *Id.* at p. 16.

### 2) James Paxton

According to her Complaint, Mr. Paxton was an assistant district attorney in the 6th Judicial District. Plaintiff's main complaint against Mr. Paxton appears to be that he recommended a

---

[1] Doc. 1.

[2] Doc. 8.

sentence to Judge Lancaster at some point after her 2003 trial. *Id.* at p. 7.

At the conclusion of Plaintiff's Complaint, she lists nine claims against Mr. Paxton: (1) false arrest; (2) deprivation of the right to due process; (3) deprivation of the right to prosecute; (4) interfering with witness[es]; (5) conspiracy to cover up evidence by altering paperwork in the clerk of court's office; (6) deprivation of bond-related rights; (7) deprivation of right to a witness; (8) deprivation of the right to view evidence; and (9) fabrication involving the right to property and liberty. *Id.* at p. 17.

### 3) Donna Ratcliff

At the end of Plaintiff's Complaint, she lists five claims against Ms. Ratcliff: (1) conspiracy with the state to withhold information; (2) changing an address without owner's permission; (3) denial resulting in placing a home on exemption; (4) overcharging on taxes; and (5) alteration of a court order. *Id.* at p. 17.

### 4) Ernest Sikes

Plaintiff lists five claims against Mr. Sikes: (1) tampering with records; (2) interfering with due process; (3) providing false information causing Plaintiff to be denied indigent status for two years and conspiracy with the state to cover up this action; (4) charging fees for an in forma pauperis application; and (5) tampering with a court order. *Id.* at p. 17.

### 5) Leroy Smith

According to her complaint, Mr. Smith served as Plaintiff's court-appointed attorney in the 16th Judicial District after Plaintiff was charged with remaining after being forbidden in 2003. [Doc. 10 at p. 6]. Plaintiff's chief complaint against Mr. Smith appears to be that he did not return any of her phone calls and that he did not contact her regarding possible trial witnesses. Plaintiff further

alleges that Mr. Smith did not ask the questions that she wanted him to ask during her trial. *Id.* at p. 7. Plaintiff also argues that Mr. Smith was uncooperative with respect to filing an appeal.

At the conclusion of Plaintiff's Complaint, she lists 12 claims against Mr. Smith: (1) deprivation of due process; (2) deprivation of the right to view evidence; (3) fabrication involving the deprivation of property and liberty; (4) conspiracy to cover up evidence by altering paperwork in the clerk of court's office; (5) deprivation of right to client privileges; (6) filing false information regarding her indigent status; (7) deprivation of service with respect to the indigent board; (8) deprivation of rights to attorney; (9) wrongful arrest; (10) deprivation of rights to a witness; (11) deprivation of a fair and impartial trial; and (12) conspiracy to cover up 14 charges of practicing law without a license. *Id.* at pp. 16-17.

### 6) Loretta McEachain

At the end of Plaintiff's Complaint, she lists six claims against Ms. McEachain: (1) tampering with records; (2) interfering with due process; (3) tampering with a court order; (4) tampering with a witness; (5) withholding information; and (6) deprivation of the right to a fair trial. *Id.* at pp. 17-18.

### 7) John DiGiulio

Plaintiff lists eight claims against Mr. DiGiulio: (1) deprivation of the right to due process; (2) deprivation of the right to a witness; (3) deprivation of the right to an attorney; (4) conspiracy with the state to cover up the right to declare Plaintiff indigent; (5) deprivation of the right to a fair trial; (6) deprivation of the right to view state evidence; (7) deprivation of the right to a fair investigation against the 6th Judicial District Indigent Board; and (8) deprivation of the right to an effective attorney. *Id.* at p. 18.

### 8) Louisiana Department of Health and Hospitals

Plaintiff alleges that the Louisiana Department of Health and Hospitals deprived her of the right to information regarding food stamps and failed to declare her indigent. *Id.* at p. 18.

## B. The Instant Motion

On November 26, 2013, the Defendants filed the instant motion to dismiss [Doc. 29] for failure to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(1) and (6). The Defendants also argue that the Plaintiff's claims have prescribed. Plaintiff did not timely oppose this motion but she did make several filings which were considered by this Court. On December 4, 2013, this Court dismissed Defendants Judge Crigler and Judge Lancaster. [Doc. 32]. This Court is now prepared to rule on the instant motion.

## II. ANALYSIS

## A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6) a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." A pleading will survive a Rule 12(b)(6) motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept all of the plaintiff's allegations as true. *Twombly*, 550 U.S. at 555. However, the plaintiff's pleading must contain more than a "formulaic recitation of the elements of a cause of action." *Id.*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. On the other hand, "[w]hen there are well-

pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

### B. Plaintiff's Claims Have Prescribed

Because 42 U.S.C. § 1983 does not include its own statute of limitations, the courts must borrow the personal injury limitations period from the forum state. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (citation omitted). In Louisiana, delictual actions are subject to a liberative prescription period of one year. LA. CIV. CODE ART. 3492 ("[d]elictual actions are subject to a liberative prescription of one year ..."). Although state law governs the limitations period and tolling exceptions, federal law determines when a cause of action arises. *Jackson, supra* (citation omitted). "A cause of action under § 1983 accrues when the aggrieved party knows, or has reason to know of, the injury or damages which form the basis of the action." *Ramon v. Rodriguez-Mendoza*, 372 Fed. Appx. 494 (5th Cir. April 1, 2010) (unpubl.) (*citing Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir.1995)).

In this case, it is uncontested that Plaintiff's claims arise from arrests and/or convictions occurring in 2003 and 2006. As such, Plaintiff's alleged injuries or damage giving rise to this lawsuit would cause prescription to begin to run in either one of those years. This would give Plaintiff one year from the date of that injury or damage to file suit. Therefore, the Complaint is prescribed on its face with regard to any claims stemming from the arrests and/or convictions. The fact that the Plaintiff seems to scatter other alleged misconduct throughout her Complaint does not alter the commencement date. As already duly noted, the clock begins to tick when the aggrieved party knows, or has reason to know, of the injury or damages which form the basis of the action. As the Supreme Court has explained, "Were it otherwise, the statute would begin to run only after a plaintiff

became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *See Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Because Plaintiff has waited until 2013 to file her Complaint, her claims are rendered untimely under Louisiana Civil Code Article 3492 as it applies to 42 U.S.C. § 1983.

**C. Plaintiff's Complaint Fails to State a Claim**

Even if Plaintiff's claims have not prescribed, which remains unclear based on scattershot claims within her initial and amended complaints, this motion would still be granted because Plaintiff has unequivocally failed to meet the minimum pleading standards required by the Federal Rules of Civil Procedure. This Court has reviewed Plaintiff's Complaint thoroughly and finds that Plaintiff has failed to plead sufficient facts to survive this motion. Most notably, this Court finds that the Plaintiff has not sufficiently stated any viable federal cause of action.

The Plaintiff broadly argues that the Defendants should be liable simply because she has dealt with them in some capacity over the past ten years. These broad and conclusory allegations are utterly devoid of facts sufficient to survive this motion. The Plaintiff's initial and amended complaints do not even remotely raise a reasonable inference that *any* of the Defendants are liable for *any* alleged misconduct. *See Iqbal*, 556 U.S. at 678. At the end of the day, the Plaintiff's Complaint is nothing but "an unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has said is inadequate. *Id.*

**D. Defendants Louisiana Department of Health and Hospitals and John DiGiulio are also Dismissed**

Having reviewed the record and for many of the reasons discussed above, this Court finds that all of the Defendants in this matter should be dismissed and the case should be dismissed in its entirety. The court always possesses the inherent authority to dismiss an action *sua sponte*, without

motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (*citing Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322, 1995 WL 534901, at *2 (5th Cir. 1995) (unpubl.).

### III. CONCLUSION

Having reviewed the motion, the submissions of the parties, and the applicable law, the Defendants' motion to dismiss is hereby **GRANTED** [Doc. 29] and all claims against them are **DISMISSED WITH PREJUDICE**. For the reasons assigned herein, this case is **DISMISSED** in its entirety **WITH PREJUDICE**.

**THUS DONE AND SIGNED**, this 31 day of March, 2014.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE